# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS

```
* * * * * * * * * * * * * * * * * * * * * * * *
CRYSTAL B. SMITH,                    *
                                     *      No. 21-2158V
            Petitioner,              *      Special Master Christian J. Moran
                                     *
v.                                   *
                                     *      Filed:  March 5, 2026
SECRETARY OF HEALTH                  *
AND HUMAN SERVICES,                  *
                                     *
            Respondent.              *
* * * * * * * * * * * * * * * * * * * * * * * *
```

Courtney Jorgenson, Siri & Glimstad, LLP, Phoenix, AZ, for petitioner;
Lynn Schlie, United States Dep't of Justice, Washington, DC, for respondent.

## PUBLISHED DECISION DENYING COMPENSATION[1]

Represented by an attorney, Crystal Smith filed a petition in 2020, alleging that a hepatitis A vaccine given to her on June 19, 2019 caused her to suffer Guillain-Barre syndrome. The Clerk's Office docketed this petition and assigned number 20-1109V to the case.

Represented by a different attorney (not Ms. Jorgenson), Ms. Smith filed the petition in this case on November 21, 2021. The Clerk's Office docketed the petition and assigned number 20-1198V to the present case. The petition in the present case alleges that a hepatitis A vaccine given to her on June 19, 2019 caused her to suffer Guillain-Barre syndrome. Under the heading "JURISDICTIONAL MATTERS," the petition further alleges that Ms. Smith has not filed any civil actions before filing the present petition. Pet. ¶ 31.

---

[1] Because this decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). This means the decision will be available to anyone with access to the internet. In accordance with Vaccine Rule 18(b), the parties have 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. Any changes will appear in the document posted on the website.

Years later, the Secretary discovered that Ms. Smith was the petitioner in two cases and communicated that discovery to chambers as well as to all attorneys representing Ms. Smith. A status conference was held on March 3, 2026. During the status conference, each attorney representing Ms. Smith deferred as to which case should continue.

It is readily apparent that both cases cannot proceed. The Vaccine Act provides: "Only one petition may be filed with respect to each administration of a vaccine." 42 U.S.C. § 300aa—11(b)(2). Here, the most sensible course is to allow the case that was filed first (docket number 20-1109V) to go forward. Thus, to comply with the Vaccine Act's "one petition" rule, compensation in the present case is DENIED.

As discussed in the March 3, 2026 status conference, whether this case should be dismissed for lack of jurisdiction is less clear because it is not readily apparent that the "one petition" rule is a jurisdictional requirement. If Ms. Smith files a motion for attorneys' fees in the present case, Ms. Smith must explain why the Office of Special Masters possesses jurisdiction to award attorneys' fees and costs despite Ms. Smith's failure to comply with the "one petition" rule. See Brice v. Sec'y of Health & Hum. Servs., 358 F.3d 685 (Fed. Cir. 2004) (holding that when special masters lack jurisdiction, special masters cannot award attorneys' fees and costs).

Further, again if Ms. Smith were to seek attorneys' fees and costs, she must demonstrate that she filed her petition in "good faith." 42 U.S.C. § 300aa—15(e). A critical issue is the good faith of Ms. Smith, not her attorneys. Any explanation about how Ms. Smith came to be a petitioner in two cases might involve disclosing information that ordinarily would be protected by the attorney-client privilege. As the holder of the privilege, Ms. Smith may waive this privilege. But, in waiving the privilege, Ms. Smith may be required to reveal other communications about the same subject matter. Whether Ms. Smith wishes to waive any privileges is for Ms. Smith, as counseled by her attorneys, to decide.

Any failure to discuss both the jurisdictional aspects of the case and Ms. Smith's good faith in any forthcoming motion for attorneys' fees and costs is likely to result in the striking of the motion for attorneys' fees and costs. See Vaccine Rule 13(a)(1) (requiring fee applications to be complete).

**IT IS SO ORDERED.**

s/Christian J. Moran
Christian J. Moran
Special Master